UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PERCY LEE JONES,

    Plaintiff,

v.                          06-CV-3246

FRANCIS KAYIRA,
JOHN CEARLOCK,
KEITH DAVIDSON,
DONNA HOFF, BILL PLOWMAN,
LYNN DEXHEIMER, ANDY OTT,
STEVEN C. BRYANT, MICHAEL B.
RAPPE, SHERRY BENTON, ROGER
E. WALKER, in their official and individual capacities,

    Defendants.

**Case Management Order (Merit Review)**

    The court is required by 28 U.S.C. §1915A to conduct a merit review of Plaintiff's Complaint, and through such process to identify cognizable claims and dismiss claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ." A merit review hearing was scheduled to aid the court in this review, but was cancelled as unnecessary. The Complaint and exhibits already clearly set out the claims.

    The merit review standard is the same as the motion to dismiss standard. The plaintiff's *pro se* complaint is liberally construed, taking the allegations as true and drawing all reasonable inference in the plaintiff's favor. *Haines v. Kerner*, 404 U.S. 519 (1972). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521.

*Allegations and Analysis*

    Plaintiff is currently incarcerated in Graham Correctional Center. Before his transfer to Graham, Plaintiff was incarcerated at Hill Correctional Center, where he was prescribed certain medications, including medications to lower his cholesterol and reduce his risk of stroke or heart attack. After his transfer to Graham, the cholesterol-lowering medication were first substituted, then discontinued altogether. Plaintiff alleges that Defendants Kayira and Cearlock's decision to

discontinue his cholesterol-lowering medicine had put him at risk of severe stroke or heart attack. Plaintiff also alleges that he has type II diabetes and has not had his blood sugar levels checked since he arrived at Graham in 2004. He alleges numbness in the tips of his toes and hands; he says he suffers from frequent urination and blurred vision. The Court concludes that Plaintiff states a claim for deliberate indifference to his serious medical needs under the Eighth Amendment against Kayira and Cearlock, but not against the non-medical defendants.

Plaintiff also alleges that Graham has inadequate "medical response equipment," and cannot respond rapidly to medical emergencies. He says this has caused a high death rate among inmates. Plaintiff does not have standing to pursue this claim on behalf of other inmates. He must have personally suffered injury from the alleged lack of medical equipment and transportation. The same goes for Plaintiff's allegations that the prison needs an intercom system for inmates with serious health problems. *See Sierakowski v. Ryan*, 223 F.3d 440, 443 (7th Cir. 2000).

Plaintiff alleges that Bryant, Dexheimer and Davidson have violated his Eighth Amendment rights by not providing a non-smoking section. He asserts he has severe allergies to environmental tobacco smoke, (ETS) and that, although he was eventually provided with a non-smoking cell inmate, he is still being exposed to unreasonably high levels of tobacco smoke, through the vents and in the common areas. At this point the Court concludes that Plaintiff states an Eighth Amendment claim for exposure to ETS, though the symptoms he asserts do not suggest he has a claim for "present injury." *See Henderson v. Sheahan*, 196 F.3d 839, 844-848 (7th Cir. 2000)("breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy–are, objectively speaking, relatively minor); *Oliver v. Deen*, 77 F.3d 156 (7th Cir. 1996)(prisoner with mild and controlled asthma did not have serious medical need to support award for damages based on present injury from exposure to second-hand smoke; wheezing and discomfort not enough)(Judge Wood, *dissenting*); *Goffman v. Gross*, 59 F.3d 668 (7th Cir. 1995)(upholding factual finding that inmate failed to prove serious medical condition exacerbated by second-hand smoke solely on fact that inmate had been successfully treated for lung cancer by removal of lung).

Plaintiff alleges that the laundry machines use only cold water. He asserts that the absence of hot water is unsterile. He further asserts that inmates are forced to "store 'nasty shoes in their personel [sic] property boxes with their food products." These allegations do not state a claim for cruel and unusual punishment. Cold laundry water and shoes commingled with food do not amount to deprivation of the "minimal civilized measure of life's necessities." *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

Plaintiff further alleges that Defendant Plowman denied Plaintiff and other inmates the opportunity to purchase hygiene products, pen, paper, envelopes and other legal materials beginning in November 2005, and continuing for two or three weeks, while allowing other inmates to do so. Plaintiff alleges no injury–it is difficult to infer any Constitutional violation from this temporary interruption of commissary privileges. However, the court is mindful of the notice pleading standard. At this point, the claim will be allowed to proceed against Defendant Plowman.

Plaintiff also alleges that Defendant Dexheimer's television program policy discriminates against African-American inmates because she allows Country music Television, MTV, and "the Speed Channel" (all alleged "European-American" channels), but not "Black Entertainment Television." He asserts that the Constitution requires Dexheimer to provide "racially balanced" television programs. However, Plaintiff also alleges that his grievance about this was denied on the grounds that 42 cable channels are available at Graham, "the same basic channels that are available to members of the outside community." The Constitution does not require prisons to upgrade basic cable television service packages. However, Plaintiff seems to allege that Dexheimer controls the programs shown from that package by showing only "European-American" channels. Inferring any possible Constitutional violation again is difficult, but the Court will allow this claim to proceed for further development. Dexheimer may file a motion for summary judgment at any time explaining her television programming policy.

Plaintiff also alleges that Dexheimer and Rappe are discriminating against all the inmates by not allowing R-rated videos, as other prisons do. This does not state a federal claim. Denial of R-rated movies is not cruel and unusual punishment, nor does the Constitution require Graham to follow the movie policies of other prisons.

Lastly, Plaintiff alleges in his motion for preliminary injunction that Defendants are not providing adequate ventilation, because they have bolted the windows shut, particularly when considering the ubiquitous second-hand smoke. This states a claim under the Eighth Amendment. *See Dixon v. Godinez*, 114 F.3d 640 (7th Cir. 1997).

However, no inference of personal responsibility arises against Defendants Walker, Benton, Hoff, or Rappe for any of the claims that may proceed. Plaintiff alleges they denied his grievances, but prison officials without medical training are entitled to rely on the medical professionals' expertise regarding medical treatment for prisoners. *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). Additionally, no reasonable inference arises that Walker or Benton were responsible for setting Graham's policy on the designation of non-smoking areas or television programming, or that they were responsible for Plowman's alleged commissary wrongs. Similarly, no inference arises that Hoff or Rappe, the grievance officers handling Plaintiff's grievances, were responsible for or had any control over these policies.

IT IS THEREFORE ORDERED:

1)    Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:

a) Defendants Kayira and Cearlock were and continue to be deliberately indifferent to Plaintiff's serious medical need for treatment for his diabetes, high cholesterol and risk of stroke and heart attack.

b) Defendants Bryant, Ott, Dexheimer and Davidson are violating Plaintiff's Eighth

Amendment rights by: 1) exposing him to second-hand smoke; and 2) bolting the windows shut, which precludes adequate ventilation.

      c) Defendant Plowman violated Plaintiff's Constitutional rights by refusing to allow Plaintiff to shop at commissary for three weeks in November 2005.

      d) Defendant Dexheimer's policies of television programming made available to inmates discriminates against African-Americans.

2) Defendants Hoff, Rappe, Benton, and Walker are dismissed for failure to state a claim against them.

3) This case may proceed solely on the federal claims identified in paragraph one above. Any claim not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or otherwise pursuant to Federal Rule of Civil Procedure 15.

4) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order.

5) The defendants shall file an <u>answer</u> within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be directed to the issues and claims stated in this Case Management Order.

6) Plaintiff's motion for preliminary injunction and temporary restraining order is denied (d/e 3). "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). Plaintiff has not yet demonstrated a likelihood of success on the merits of his ventilation claim or shown irreparable harm if his request for injunction is determined at the same time as his other claims. *Id.*

Entered this 12th Day of April, 2007.

                                                **s\Harold A. Baker**

                                                HAROLD A. BAKER
                                         UNITED STATES DISTRICT JUDGE