**E-FILED**
Thursday, 13 December, 2007  09:58:22 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


PERCY LEE JONES,

       Plaintiff,

    v.                                                                    06-CV-3246


FRANCIS KAYIRA et al.,

       Defendants.

## Case Management Order


Several pending motions are before the court, addressed in turn below.

IT IS ORDERED:

1) Plaintiff's motion to reconsider the Court's order of April 12, 2007 is granted  (d/e 24). Roger Walker and Sherry Benton are reinstated as defendants on Plaintiff's claim regarding the prison's and IDOC's policies on exposure to second-hand smoke.  Determinations of their authority over such policies better awaits a developed factual record.

2) The clerk is directed to complete and send waivers of service to Walker and Benton.

3) Plaintiff's motion for class certification is denied (d/e 25).  Plaintiff has not demonstrated how he, as an incarcerated pro se plaintiff, can adequately represent other inmates' interests.

4) Plaintiff's motions to appoint counsel are denied, with leave to refile (d/e's 26, 41). Plaintiff must first make reasonable attempts to obtain counsel on his own before his request can be considered.  Plaintiff has not set forth what efforts he has made to retain counsel. Accordingly, the motion is being denied on that basis without addressing its merits.  *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (7th Cir. 2007)(before reaching merits of motion for counsel, district court must find plaintiff made reasonable attempts to secure own counsel or was precluded from doing so).  Plaintiff may file another motion for appointment of counsel after he has tried to find counsel on his own.

5) Plaintiff's motions for preliminary injunction/temporary restraining order are denied (d/e's 27, 44). The motions essentially repeat Plaintiff's allegations without evidence to support a conclusion that Plaintiff is likely to succeed on the merits, an essential requirement to preliminary relief. *See Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

6) Plaintiff's "motion for leave to file motion to clarify whereabouts of Steven Bryant" (d/e 37) is granted to the extent it seeks to confirm Defendant Bryant's new work address and effect service on him. By December 21, 2007, the IDOC defendants are directed to inform the court whether the address in d/e 37 for Defendant Bryant is correct, and, if not, to supply a work address for Bryant where the waivers may be sent.

7) Defendant Kayira's motion to extend time to answer discovery requests is granted (d/e 40). The court notes the extended date has already passed. Kayira's prior motion for an extension is denied as moot (d/e 38).

8) Defendant Davidson's motion for extension  to respond to discovery requests is granted (d/e 39). The court notes the extended date has already passed.

9) The docket reflects that a waiver of service was mailed to Defendant Cearlock at the forwarding address provided by IDOC. No waiver has been returned. The clerk is directed to complete marshals service forms for Defendant Cearlock. The United States Marshals are directed to personally serve Cearlock at the forwarding address and to file the costs of the service with the court. The service costs will be assessed against Cearlock to the extent recoverable under Fed. R. Civ. P. 4(d)(G).

10) Plaintiff shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by March 3, 2008.

11)  The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by April 1, 2008.

12)  Discovery closes May 30, 2008. The plaintiff's incarceration limits him to written discovery. Written discovery must be served on a party at least 30 days before the discovery deadline. Discovery requests are not filed with the court, unless there is a dispute regarding such discovery. See CDIL-LR 26.3. Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response. Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

13) Dispositive motions are due June 30, 2008. Final pretrial and trial dates will be set, if necessary, after a ruling on dispositive motions.

14) A status conference is scheduled for February 13, 2008 at 1:30 p.m. by video conference.  The clerk is directed to issue the necessary video writs.

Entered this 13th Day of December, 2007.


**s\Harold A. Baker**

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE